Plaintiff obtained a judgment in the First City Court ordering the ejectment of the defendants from certain premises alleged to have been rented to them and a suspensive appeal was granted to this court. The case was docketed for trial de novo before one of the Judges of this Court, whereupon a motion to dismiss the appeal was filed upon the ground that the oath attached to the answer of defendants failed to contain an essential statement as required by Section 2157 of the Revised Statutes. The case was then referred to the Court, en banc, for consideration of the motion to dismiss the appeal.
Revised Statutes, § 2157, in relation to appeals from judgments of eviction reads:
"No appeal from any such judgment shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, and entitle him to retain the possession of the premises, and unless further, he give bond with good and sufficient security for all such damages as the appellee may sustain."
It is not contended that the averments of fact contained in the answer of defendants would not, if true, entitle him to the possession of the premises, but simply that there has been no statement in the affidavit attached to the answer, that such facts entitle defendants to the possession of the property. This omission, it is argued, is fatal to defendants' appeal.
The question involved is not new and has been expressly and definitely decided adversely to the contention of mover.
In Doullut v. Rush, 142 La. 443, 77 So. 110, our Supreme Court held, as stated in the syllabus written by the Court, that:
"Construing Rev.St. 2157, with reference to its context, it is clear that it determines, to the exclusion of the general provisions of the Code of Practice upon the subject of appeals, the conditions upon which appeals may be obtained which suspend the execution of judgments ordering the ejection of the lessees and the putting of the lessors in possession of the leased premises; and that the requirement that the defendant shall have `filed a special defense, supported *Page 52 
by his oath that all the facts contained in his answer are true and entitle him to retain possession of the premises,' means that the defendant shall have set up relevant facts, susceptible of proof and admissible in evidence, which if proved, would entitle him to retain the disputed possession."
This court held in Ruffo v. Margotte, Orleans No. 7734 of the docket (unreported) Tessier's Digest, page 103 [see Louisiana and Southern Digest], that it was not necessary to aver "either in the answer or * * * affidavit, a mere conclusion of law, to-wit: That he is entitled to retain possession of the premises," citing Doullut v. Rush, supra, and in Ebert v. Donnell, Orleans No. 8217 of the docket (unreported) Tessier's Digest, page 103 [see Louisiana and Southern Digest], that:
"The meaning of R.S. 2157 is, that, in order to entitle a defendant to appeal suspensively from a judgment evicting him from leased premises, he must set up, under oath, relevant facts, which (if proved), would entitle him to retain possession of the premises."
Considering the foregoing authorities the motion to dismiss the appeal must be, and it is, hereby overruled.
Motion to dismiss overruled.